**Joe Phillip PORTER and Barbara M. Porter**

v.

**UNITED STATES of America.**

No. 82–3788.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 17, 1983.

Thomas E. Settles, Nashville, Tenn., for plaintiffs.

Joe B. Brown, U.S. Atty., Nashville, Tenn., Robert E. Rice, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

MORTON, Chief Judge.

On February 17, 1983, this cause came on to be heard on the defendant's motion for summary judgment. Through exhibits attached to the defendant's motion and a stipulation entered into by the parties, the following facts have been established.

On May 4, 1973, Joe Phillip Porter and one Jim Griffin purchased a 6.96 acre tract of real property as tenants in common. On December 29, 1976, Griffin deeded his undivided one-half interest in the tract to Porter. On December 30, 1976, the taxpayer-husband executed a deed for four of the acres in favor of Cumberland College. The plaintiffs subsequently took a charitable

contribution deduction on their 1976 tax return for what they asserted was the full fair market value of the four acres.[1] On audit, the Internal Revenue Service limited that deduction to the claimed fair market value of two of the acres plus the taxpayer's basis in the other two. The taxpayers paid the resulting deficiency, and this action followed.

The controlling statute is Section 170 of the Internal Revenue Code of 1954. That section permits a deduction for the amount of a charitable contribution made during a tax year. However, subsection (e)(1) of that statute limits the deduction as follows:

> (1) General rule.—The amount of any charitable contribution of property otherwise taken into account under this section shall be reduced by * * *
>
> > (A) the amount of gain which would not have been long term capital gain if the property contributed had been sold by the taxpayer at its fair market value (determined at the time of such contribution) * * *.

The effect of this statute is to limit a charitable deduction to the taxpayer's basis in donated property if the property would not produce long-term capital gain upon sale.

■ The question, then, is whether the property donated would have produced long-term capital gain if the taxpayer had sold it on the date of contribution. If so, the taxpayer is entitled to deduct the full fair market value of the property; if not, he is allowed only a limited deduction.

■ For a sale of a capital asset to produce long-term capital gain in 1976, the property had to have been held by the taxpayer for a period of six months.[2] The plaintiff here, however, held the property for only one day before donating it. In 1973, he acquired an undivided one-half interest in the property,[3] and on December 30, 1976, he acquired the other undivided one-half interest. It is clear, then, that he did not own the four acres he donated until December 30, one day before deeding the four acres in question to Cumberland College. Therefore, the plaintiffs are not entitled to deduct the full fair market value of the property, as they contend. Indeed, it appears that, under the express terms of the statute, the deduction could be limited to the taxpayer's basis in the four acres.

However, in accordance with Revenue Ruling 67–309, the Internal Revenue Service allowed the taxpayers a deduction equivalent to the claimed full fair market value of two acres plus the taxpayers' basis in the other two. This properly reflects the fact that plaintiff-husband's one-half undivided interest which was acquired in 1973 would have produced long-term capital gain if it had been sold on the contribution date, but that the one-half undivided interest acquired the day before the contribution would not have.

Thus, plaintiffs are not entitled to a greater deduction than they have already been allowed by the Internal Revenue Service, and they are therefore not entitled to any refund by this action.

An appropriate order will be entered.

---

**1.** This value is disputed by the defendant, but is not a relevant consideration on the motion for summary judgment.

**2.** 26 U.S.C. § 1222, as then in effect.

**3.** The taxpayer's argument that this undivided one-half interest in the 6.96 acre tract was the equivalent of a fee simple interest in 3.48 acres is obviously fallacious.